# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Emerson Martin,<br><br>Petitioner,<br><br>v.<br><br>United States of America, et al.,<br><br>Respondents. | No. CV-15-00525-TUC-RM<br><br>**ORDER** |

On January 23, 2018, Magistrate Judge Bernado P. Velasco issued a Report and Recommendation (Doc. 23) recommending that this Court dismiss Petitioner Jerry Martin's First Amended Petition for Writ of Habeas Corpus (Doc. 7) for lack of jurisdiction. No objections to the Report and Recommendation were filed.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for

clear error unobjected-to portions of Report and Recommendation).

The Court has reviewed Judge Velasco's Report and Recommendation, the parties' briefs, and the record. The Court finds no error in Judge Velasco's Report and Recommendation. Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 23) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the First Amended Petition for Writ of Habeas Corpus (Doc. 7) is **dismissed for lack of jurisdiction**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).[1]

Dated this 13th day of February, 2018.

　　　　　　　　　　　　　　　　　　
Honorable Rosemary Márquez
United States District Judge

---

[1] Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006 (9th. Cir. 2001).